SANFORD *v.* LEE.

1. SALES—FRAUD—RESCISSION.
   Representation, in sale of rooming house furniture, that there was balance of near $200 unpaid, while in fact amount due and unpaid was nearly $900, largely on title-retaining contracts, and one of larger creditors was threatening action, warranted rescission on ground of fraud, although purchase contract provided that buyer might pay any such indebtedness and deduct same from amount owing under contract, since buyer is not required to provide money to pay seller's creditors in advance of money due under purchase contract.

2. LANDLORD AND TENANT—FRAUD—CANCELLATION OF INSTRUMENTS.
   Where, in suit by lessee to cancel lease on rooming house on ground of fraud, it appears that lessor represented that she had substantial contract interest in property, and within one $1,200 payment of deed, while in fact she had paid nothing on contract, and had only lease with contract paragraph added, cancellation was warranted.

3. SAME—RULE THAT TENANT MAY NOT QUESTION LANDLORD'S TITLE NOT APPLICABLE WHERE FRAUD CHARGED.
   In suit where very existence of relation of landlord and tenant is challenged on ground of fraud, rule that tenant may not question landlord's title has no application.

4. CANCELLATION OF INSTRUMENTS—FRAUD—CONTRACTS—LANDLORD AND TENANT.
   In suit for rescission of lease and contract on ground of fraud, it is not necessary for plaintiff to attempt, before suit, rescission by her own act.

Appeal from Kent; Dunham (Major L.), J. Submitted October 9, 1929. (Docket No. 29, Calendar No. 34,399.) Decided December 3, 1929.

Bill by Edna L. Sanford against Stella M. Lee to cancel a lease and rescind a contract for purchase of

On effect of fraud, misrepresentation or mistake as affecting estoppel of tenant to deny landlord's title, see annotation in 2 A. L. R. 359.

chattels on the ground of fraud. From a decree for plaintiff, defendant appeals. Affirmed.

*Corwin, Norcross & Cook,* for plaintiff.

*Elvin Swarthout,* for defendant.

CLARK, J. The bill was filed to cancel a lease of a rooming house and to rescind a contract of purchase and conditional sale of the furniture and equipment therein. The writings were made at the same time. The sale price of the chattels was $3,000, of which $1,150 was paid down and remainder to be paid in monthly installments of $50 each. Relief is prayed on the ground of fraud. Material allegations of fraud were found true and decree ordered for plaintiff, from which defendant has appealed.

The finding of fraud respecting the sale must be sustained. The fact, as found, is that while plaintiff was informed there was a balance of near $200 unpaid on the furniture, the amount due and unpaid was nearly $900, largely if not wholly on title-retaining contracts. One of the larger creditors made demand on plaintiff and threatened action against her. It is urged that as the contract provided that plaintiff might pay any such indebtedness and deduct the sum "from the amount owing by her under this contract," the misrepresentation is in effect harmless. The amount owing on the contract was at the time about $50. Plaintiff was not required to provide, if she were able, money not due, for the purpose of paying defendant's creditors. Rescission was properly decreed.

The trial court also found that defendant had materially misrepresented her interest in the real estate covered by the lease. The evidence of plain-

tiff is that defendant represented her interest on contract to be substantial and within one payment of $1,200 of a deed, while the fact was that defendant had paid nothing on her so-called contract, which was a contract paragraph added to a lease under which she held. It is unlikely that plaintiff would have made this deal had she known the true fact and nature of defendant's interest. We are not moved to disturb the decree. Other allegations of fraud call for no discussion.

Defendant cites cases in support of the rule that a tenant cannot question the landlord's title, which matter has no place in this case where the very existence of such relation is challenged on the ground of fraud.

As plaintiff filed bill praying rescission by decree, it was not necessary for her to attempt, before suit, rescission by her own act. *Witte* v. *Hobolth*, 224 Mich. 286.

Decree affirmed. Costs to plaintiff.

NORTH, C. J., and FEAD, BUTZEL, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.